MC 07-00019

**U.S. Department of Justice**

*United States Attorney's Office*
*District of the Northern Mariana Islands*
*Assistant U.S. Attorney Timothy E. Moran*

*P.O. Box 500377*
*Saipan, MP 96950*

TEL (670) 236-2982
FAX (670) 236-2985

March 2, 2007

**RECEIVED**

MAR - 2 2007

Clerk
District Court
The Northern Mariana Islands

By Hand Delivery

The Honorable Alex R. Munson
Chief Judge
United States District Court
for the Northern Mariana Islands
P.O. Box 500687
Saipan, MP 96950

Re:   Appointment of Counsel for Antonio Masga

Dear Judge Munson:

As part of an ongoing investigation, the DEA has information that Antonio Masga has participated in drug trafficking and has information regarding other drug trafficking in the CNMI. Diane Cabrera defended Mr. Masga in a recent CNMI case as court-appointed counsel. I would like to speak to Mr. Masga to discuss a federal plea agreement and possible future cooperation. However, before I do, he should be represented by an attorney who can competently defend him in federal court.

I have spoken to Attorney Cabrera, who is not a member of the federal CJA panel. She has had Mr. Masga complete a federal CJA financial affidavit, a copy of which is attached. Mr. Masga appears to qualify for court-appointed counsel in federal court. I ask that you consider appointing an attorney for him as soon as possible.

Presently, Mr. Masga is in the custody of the CNMI Department of Corrections. He can also be reached through Attorney Cabrera, whose number is 288-5128.

An attorney believed to have a conflict of interest is Stephen Woodruff.

FILED
Clerk
District Court

MAR - 5 2007

For The Northern Mariana Islands
By_____
(Deputy Clerk)

Thank you for your time and consideration in this matter.

                          Sincerely,

                          LEONARDO M. RAPADAS
                          United States Attorney
                          Districts of Guam and the NMI

By: _____
      TIMOTHY E. MORAN
      Assistant U.S. Attorney

enc.
cc:    Diane Cabrera, Esq. (by facsimile, 234-7256)

# FINANCIAL AFFIDAVIT
## IN SUPPORT OF REQUEST FOR ATTORNEY, EXPERT OR OTHER COURT SERVICES WITHOUT PAYMENT OF FEE

CJA 23
REV. 1/90

IN UNITED STATES ☐ MAGISTRATE ☐ DISTRICT ☐ APPEALS COURT or ☐ OTHER PANEL (Specify below)
IN THE CASE OF _____ VS. _____ FOR _____ AT _____

LOCATION NUMBER

PERSON REPRESENTED (Show your full name)
**ANTONIO MUNA MASGA**

1 ☐ Defendant—Adult
2 ☐ Defendant—Juvenile
3 ☐ Appellant
4 ☐ Probation Violator
5 ☐ Parole Violator
6 ☐ Habeas Petitioner
7 ☐ 2255 Petitioner
8 ☐ Material Witness
9 ☐ Other (Specify)

CHARGE/OFFENSE (describe if applicable & check box →) ☐ Felony ☐ Misdemeanor

DOCKET NUMBERS
Magistrate

District Court
FILED
Clerk
Court of Appeals
District Court

MAR - 5 2007

For The Northern Mariana Islands
By _____ (Deputy Clerk)

## ANSWERS TO QUESTIONS REGARDING ABILITY TO PAY

### ASSETS

**EMPLOYMENT**
- Are you now employed? ☐ Yes ☒ No ☐ Am Self Employed
- Name and address of employer: NA
- IF YES, how much do you earn per month? $ NA
- IF NO, give month and year of last employment. How much did you earn per month $ NA
- If married is your Spouse employed? ☐ Yes ☐ No  NA
- IF YES, how much does your Spouse earn per month $ NA
- If a minor under age 21, what is your Parents or Guardian's approximate monthly income $

**OTHER INCOME**
- Have you received within the past 12 months any income from a business, profession or other form of self-employment, or in the form of rent payments, interest, dividends, retirement or annuity payments, or other sources? ☐ Yes ☐ No
- IF YES, GIVE THE AMOUNT RECEIVED & IDENTIFY THE SOURCES — RECEIVED: NA — SOURCES: NA

**CASH**
- Have you any cash on hand or money in savings or checking account ☐ Yes ☒ No   IF YES, state total amount $

**PROPERTY**
- Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)? ☒ Yes ☐ No
- IF YES, GIVE VALUE AND DESCRIBE IT — VALUE: $25,000 — DESCRIPTION: As Perdido property approx. 900 m²

### OBLIGATIONS & DEBTS

**DEPENDENTS**
- MARITAL STATUS: ☐ SINGLE ☐ MARRIED ☐ WIDOWED ☒ SEPARATED OR DIVORCED
- Total No. of Dependents: 0
- List persons you actually support and your relationship to them: NA

**DEBTS & MONTHLY BILLS** (LIST ALL CREDITORS, INCLUDING BANKS, LOAN COMPANIES, CHARGE ACCOUNTS, ETC.)

| APARTMENT OR HOME | Creditors | Total Debt | Monthly Payt. |
|---|---|---|---|
|  | PTI | $900.00 | $0 |
|  | CNMI Superior Ct. (court fee + fine) | $1,100.00 | $0 |

I certify the above to be correct.

SIGNATURE OF DEFENDANT (OR PERSON REPRESENTED) ▶ [signature]   03/01/07

**WARNING:** A FALSE OR DISHONEST ANSWER TO A QUESTION IN THIS AFFIDAVIT MAY BE PUNISHABLE BY FINE OR IMPRISONMENT, OR BOTH.

2

```
                                                    FILED
                                                     Clerk
                                                  District Court

                                                  APR 3 0 2007

                                             For The Northern Mariana Islands
                                             By_____
                                                     (Deputy Clerk)
```

1 | LEONARDO M. RAPADAS
United States Attorney
2 | TIMOTHY E. MORAN
Assistant U.S. Attorney
3 | DISTRICT OF THE NORTHERN
    MARIANA ISLANDS
4 | Horiguchi Building, Third Floor
P.O. Box 500377
5 | Saipan, MP 96950
Telephone: (670) 236-2982
6 | Fax:        (670) 236-2985
Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN MARIANA ISLANDS

| UNITED STATES OF AMERICA, | ) | UNDER SEAL |
|---|---|---|
| Plaintiff, | ) | ~~Criminal Case No. 07-~~ MC 07-00019 |
| v. | ) | GOVERNMENT'S MOTION TO FILE PLEA AGREEMENT UNDER SEAL |
| ANTONIO MUNA MASGA, a/k/a "Tony," | ) |  |
| Defendant. | ) |  |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Leonardo M. Rapadas, United States Attorney, and Timothy E. Moran, Assistant United States Attorney, and hereby moves for the Court to file the attached Plea Agreement under seal. The government makes this request so that the defendant will have an opportunity to cooperate with the government before he enters his plea in open court.

Dated: April 30, 2007
        Saipan, CNMI

Respectfully submitted,

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and the NMI

By: _____
    TIMOTHY E. MORAN
    Assistant United States Attorney

3

LEONARDO M. RAPADAS
United States Attorney
TIMOTHY E. MORAN
Assistant United States Attorneys
DISTRICT OF THE NORTHERN
 MARIANA ISLANDS
Horiguchi Building, Third Floor
P.O. Box 500377
Saipan, MP 96950
Telephone: (670) 236-2982
Fax: (670) 236-2985

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 07- |
| Plaintiff, | |
| v. | PLEA AGREEMENT |
| ANTONIO MUNA MASGA, a/k/a "Tony," | |
| Defendant. | |

Under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA and Defendant, ANTONIO MUNA MASGA, a/k/a "Tony," have reached the following agreement:

1. Defendant will waive indictment and plead guilty to a one-count Information, which charges Defendant with a violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846, in connection with conspiracy to distribute and possess with intent methamphetamine in the form commonly known as "ice" from in or about August 2005 through February 2006, in the District of the Northern Marianas Islands.

      a.    Defendant agrees that the time between the filing of this plea agreement and the date Defendant is sentenced following the change of plea is excludable under the Speedy Trial Act, 18 U.S.C. § 3161.

      b.    Upon execution of this Agreement, Defendant will cooperate with the United States as follows:

          i.    Defendant will meet with government representatives as often as necessary to provide information, answer questions, prepare for court or other official proceedings, and such other purposes as deemed necessary by the government to fulfill his/her responsibilities under this Agreement;

          ii.    Defendant will appear and testify in any and all legal proceedings, including, but not limited to, grand jury, pre-trial, trial, re-trial, and sentencing proceedings; and

          iii.    Defendant understands that any and all statements, information, and testimony that he provides must at all times be complete and truthful. If, at any time, Defendant willfully provides statements, information, or testimony that is less than complete and truthful, Defendant shall be subject to prosecution for doing so, including, but not limited to, prosecution for making a false statement, obstruction of justice, and perjury.

2.    In exchange for Defendant's plea of guilty, the government will recommend that the Court impose the following sentence:

      a.    The government will recommend that the Court impose a term of imprisonment within the range provided by the United States Sentencing Guidelines ("U.S.S.G." or "guidelines"), not including probation or a split-sentence even if provided by the guidelines, provided that Defendant does not seek a sentence below the guidelines range for any reason.

      b.    The government is free to recommend any combination and amount of

supervised release, fines and restitution which it deems appropriate.

   c. If the government, in its sole discretion, determines that Defendant has provided substantial assistance in the investigation or prosecution of another person, the government will file a motion under § 5K1.1 of the guidelines asking the Court to impose a sentence below the guideline range. Defendant understands that the substantial assistance determination is solely up to the Office of the United States Attorney. Defendant also understands that the Court alone makes all sentencing decisions, including the sentence to be imposed. The government makes no promise or representation about what sentence it will recommend if it makes such a determination or what sentence the Court will impose.

  3. For purposes of determining the offense level under the guidelines:

   a. The government agrees to recommend a two-level reduction in the offense level for acceptance of responsibility under § 3E1.1(a) provided Defendant continues to demonstrate acceptance of responsibility through sentencing.

   b. As of the date of this agreement, Defendant has timely notified authorities of an intention to enter a plea of guilty. If, and only if, Defendant

    1. pleads guilty pursuant to this Agreement;

    2. on or before the date scheduled by the Court; and

    3. the offense level is 16 or greater;

the government will move the Court for an additional one-level decrease in the offense level under U.S.S.G. § 3E1.1(b)(2).

   c. Except as provided in paragraphs 3, the parties have made no agreement concerning the guidelines or their application to this case. Both the United States and Defendant

reserve their rights to argue and present evidence on all matters affecting the guidelines calculation.

4. Defendant understands that the guidelines are not binding on the Court. The Court must consult the guidelines but they are only advisory. Defendant also understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations or agreements concerning facts, the offense level or adjustments under the guidelines, or the government's recommendations. The Court, in its discretion, may impose any reasonable sentence up to and including the maximum penalties set by law after taking into account the factors enumerated in 18 U.S.C. § 3553(a). Defendant is further advised and further understands that even if the Court's guideline determinations and sentence are different that Defendant expects, Defendant will not be allowed to withdraw his plea of guilty.

5. The maximum statutory penalties for the offense to which Defendant is pleading guilty are:

    a. Twenty years' imprisonment;

    b. a fine of $1,000,000;

    c. a term of supervised release of three years; and

    d. a mandatory special assessment of $100.

6. Defendant agrees to pay the mandatory special assessment by returning this signed Plea Agreement to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court.

7. Defendant is advised and understands that to establish a violation of Title 21,

-4-

United States Code, Section 846, conspiracy to distribute and possess with intent to distribute methamphetamine in the form commonly known as ice, as charged in Count One of the Information, the government must prove each of the following elements beyond a reasonable doubt:

1. First, there was an agreement between two or more persons to distribute and possess with intent to distribute methamphetamine in the form commonly known as ice; and

2. Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

8. Defendant is advised and understands that he has the following rights:

   a. the right to plead not guilty and to persist in that plea;

   b. the right to a jury trial;

   c. the right to be represented by counsel -- and if necessary have the Court appoint counsel to represent Defendant -- at trial and every other stage of the proceeding;

   d. the right at trial to confront and cross-examine adverse witnesses;

   e. the right at trial to compel the attendance of witnesses;

   f. the right at trial to be protected from compelled self-incrimination;

   g. the right at trial to testify and present evidence but only if Defendant chooses to do so.

Defendant is further advised and understands that, if he pleads guilty and the Court accepts the plea, he waives all of these trial rights.

9. The government reserves its full right of allocution, including the right to present

-5-

any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer without limitation any questions asked by the Court.

10. Defendant understands that he may have the right to file a direct appeal from the sentence imposed by the Court. Defendant knowingly and voluntarily waives the right to file a direct appeal if the sentence imposed by the Court is within or below the guideline range. Defendant further understands that other procedures may be available to challenge his conviction or sentence. Defendant also knowingly and voluntarily waives the right to file post-conviction relief actions, including actions under 28 U.S.C. §§ 2255 and 2241, coram nobis actions, and motions to reconsider or reduce his/her sentence. This waiver, however, does not prevent Defendant from challenging the effectiveness of his attorney after conviction.

11. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

12. This agreement is binding on the government only if Defendant pleads guilty, fulfills all Defendant's obligations under the agreement, does not engage in any conduct constituting obstruction of justice as defined in U.S.S.G. § 3C1.1, and does not commit any new offenses.

13. Defendant understands that if he violates this agreement in any way, the government shall consider the agreement to have been breached. In that event, Defendant shall not have the right to withdraw his guilty plea. The government, however, will be released from its obligations and restrictions imposed by the agreement. The government may, in its sole

-6-

discretion and without limitation, proceed with any one or more of the following steps:

    a. go forward with the guilty plea and sentencing;

    b. make any and all sentencing recommendations that it deems appropriate;

    c. treat the agreement as a nullity, that is, as though the parties had never entered into it, withdraw the agreement, and go to trial on the indictment;

    d. pursue additional charges against Defendant; and

    e. use against Defendant, in this and in any other prosecution or proceeding, any and all information, statements, and testimony – including the stipulations made in this agreement – that he has provided at any time to government representatives, the grand jury, or to the Court.

14. This agreement is limited to the District of the Northern Mariana Islands. It does not bind any other federal, state, or local authorities.

15. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced Defendant to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

16. Defendant understands that, pursuant to 18 U.S.C. Section 3143(a)(2), she is not eligible for release pending sentencing.

17. Counsel for Defendant states that he has read this agreement, been given a copy of it for his file, explained it to Defendant, and states that to the best of Counsel's knowledge and belief, Defendant understands the agreement.

-7-

18. Defendant states that he has read the agreement or has had it read to him, has discussed it with his Counsel, understands it, and agrees to its provisions.

DATED: 4/28/07

_____
ANTONIO MUNA MASGA
Defendant

DATED: 4/29/07

_____
Joseph JN Camacho, Esq.
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
District of the Northern Mariana Islands

DATED: 4/30/07

_____
TIMOTHY E. MORAN
Assistant U.S. Attorney

-8-

```
                                    FILED
                                    Clerk
                                District Court

                                 MAY - 1 2007

                        For The Northern Mariana Islands
                        By_____
                                (Deputy Clerk)
```

- UNDER SEAL -

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Miscellaneous No. 07-00019 |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | ORDER GRANTING |
| ) | MOTION TO FILE |
| ANTONIO MUNA MASGA, ) | PLEA AGREEMENT |
| also known as "Tony," ) | UNDER SEAL |
| ) | |
| Defendant ) | |

BASED UPON the motion of plaintiff to file the plea agreement in this matter under seal, and good cause appearing as set forth in the motion,

IT IS ORDERED that the plea agreement in this matter, and any and all related documents, including this order, be and hereby are placed under seal until

AO 72
(Rev. 08/82)

4

further order of this court.

DATED this 1st day of May, 2007.

*[signature: Alex R. Munson]*
ALEX R. MUNSON
Judge

2